UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **CHARLES and SHIRLEY DIXON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   No. 2:23 CV 264 |
| | ) |
| **U.S. BANK N.A.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

In this action, plaintiffs sue multiple banks for fraud that they allege occurred in connection with their mortgage. (First Am. Compl., DE # 29.) They invoke multiple federal statutes, plus Indiana common law, in arguing that they were deceived into paying more than they actually owed. Defendants are banks that plaintiffs claim have some connection to the mortgage.

This matter is now before the court on the motions of four of the banks to dismiss the claims against them. (DE ## 33, 36, 49, 93.) For the reasons set forth below, all claims against all defendants are dismissed, with the exception of one claim against Select Portfolio Servicing, Inc. ("SPS").

I.    **BACKGROUND**

In 2006, Indiana residents Charles and Shirley Dixon entered into a mortgage agreement regarding the real estate that serves as their primary residence; they also executed a promissory note secured by that real estate. (DE # 29 ¶¶ 12, 13, 16, 17, 18.) Plaintiffs originally entered into these agreements with a financial institution called

First Franklin, though First Franklin's rights were soon transferred to PNC Financial Services Group Inc. NA ("PNC"). (*Id.* ¶¶ 18-19, 22.) Thereafter, ownership and/or servicing rights related to the mortgage appear to have passed through the hands of multiple entities including PNC, Bank of America NA ("BOA"), SPS, and US Bank, N.A. ("US Bank"). (*Id.* ¶¶ 18-19, 22, 30, 31.) According to plaintiffs, US Bank presently holds itself out as the owner of the mortgage instrument, and SPS presently holds itself out as the servicer. (*Id.* ¶¶ 30-31.)

Plaintiffs claim they recently learned that First Franklin never signed the original mortgage instrument. (DE # 61 at 7.) Because of this, plaintiffs argue, any financial obligation they had under this "unilateral" agreement was paid in full when First Franklin transferred its rights to another entity. (DE # 29 ¶ 19.) Plaintiffs further claim that all of defendants' communications and debt collection attempts from that point forward were unfounded and illegal, because they owed nothing further. (*Id.* ¶¶ 18-35.)

In furtherance of this belief, plaintiffs filed suit, *pro se*, but this court dismissed the case *sua sponte* due to pleading deficiencies. *Dixon v. Select Portfolio Servicing, Inc.*, No. 2:23-CV-558, JTM-JEM, DE # 4 (Apr. 10, 2023). Thereafter, plaintiffs filed the present cause of action, again *pro se*. (DE # 1.) Plaintiffs seek rescission of the mortgage agreement and note, as well as damages and costs. (DE # 29; DE # 31 at 1.) According to plaintiffs, defendants committed fraud under Indiana law and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Real Estate Settlement

2

Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and its related regulations.

Four defendants – SPS, PNC, BOA, and Credit Suisse First Boston Mortgage Securities Corp ("Credit Suisse") – have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). (DE ## 33, 36, 49, 93.) The briefing deadlines related to all of these motions have passed, and the motions are ripe for ruling.

## II.    LEGAL STANDARD

Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). A court reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.   DISCUSSION

*Part 1: Dismissal of Claims*

Most of the claims in this case, regardless of what statute or provision of common law underpin them, fail because they all depend on the same faulty premise: that plaintiffs' initial mortgage agreement was invalid because First Franklin never signed it. (DE # 29 ¶ 18.) This premise is erroneous. As defendants point out, there is no rule under Indiana law that a mortgagee (in this case, First Franklin) must sign a mortgage in order to demonstrate assent to the contract. (*See, e.g.,* DE # 32 at 6.) In 1863, the Supreme Court of Indiana held that a mortgage is valid when there is "proper evidence" of consent to the terms. *Woodbury v. Fisher,* 20 Ind. 387, 389 (1863) (noting that

4

non-signatory methods of assent, such as delivery of the deed for recording, would be satisfactory). *Id.* At no point have the Indiana courts or legislature ever declared that a lender's signature must appear on a mortgage in order to render it valid.

With this premise legally refuted, plaintiffs' complaint unravels. The court must dismiss all of plaintiffs' claims which rely on plaintiffs' argument that the mortgage with First Franklin was a "unilateral contract" that was invalid because it was only signed by plaintiffs. The court must also dismiss all claims under the FDCPA and TILA that defendants made false representations when they communicated to plaintiffs that they still owed money on the contract. The same is true for plaintiffs' claims that defendants improperly communicated the applicable interest rate, delinquency status, etc., related to plaintiffs' mortgage. None of these claims survive because they depend on the faulty assumption that the contract with First Franklin was deficient in the first place.

As for plaintiffs' claim that their duty to pay on the mortgage and/or note became null and void once First Franklin transferred the mortgage to another entity (DE # 29 ¶¶ 18-19), this argument also has no merit. Neither plaintiffs' agreement with First Franklin nor any provision of Indiana or federal law renders plaintiffs' mortgage and/or the related note "paid in full" simply because First Franklin sold its interests. Mortgage interests, like other financial instruments, are frequently sold in a legal manner on the secondary market. *See Citimortgage, Inc. v. Barabas,* 975 N.E.2d 805, 808 (Ind. 2012) (describing history and operation of secondary mortgage market).

5

Further, to the extent that plaintiffs argue that defendants did not properly credit payments within a certain period of time in violation of "Regulation Z," a provision promulgated in connection with TILA, that claim is dismissed. (DE # 29 ¶¶ 34-37.) The relevant regulation, 12 C.F.R. § 1026.10, is applicable to open-end mortgages, but plaintiffs' mortgage is closed-end.[1] There is no parallel provision applicable to closed-end mortgages. Accordingly, the claim has no merit. *Stern v. Rocket Mortg., LLC,* 666 F. Supp. 3d 234, 241 (E.D.N.Y. 2023) (dismissing TILA claim based on open-end agreement regulation because "[p]laintiff's mortgage is clearly a closed-end credit transaction"); *Nelson v. PennyMac Loan Servs., LLC,* No. 1:23-CV-5902-VMC-WEJ, 2024 WL 1957344, at *5 (N.D. Ga. Apr. 8, 2024) (same).

Additionally, the court can quickly resolve the allegation that defendants violated terms of the "Pooling & Service Agreement" (PSA) under which plaintiffs' mortgage was bundled and sold. (DE # 29 ¶¶ 38-41.) This claim fails because borrowers are not parties to PSAs and have no right to enforce their terms. *Wilmington Sav. Fund Soc., FSB v. Bowling,* 39 N.E.3d 395, 399 (Ind. Ct. App. 2015).

Plaintiffs' RESPA claims are also dismissed as to most of the defendants. RESPA requires that creditors respond to borrowers' Qualified Written Requests ("QWRs"). 12

---

[1] Under open-end agreements, the parties contemplate repeated transactions and charges may be computed from time to time on the outstanding unpaid balance, while under closed-end agreements the finance charge is divided into the term of the loan and incorporated into payments that occur over time. *See In re Woodruff,* 272 F.2d 696, 697 (7th Cir. 1959); *Stern v. Rocket Mortg., LLC,* 666 F. Supp. 3d 234, 240–41 (E.D.N.Y. 2023). There can be no dispute that plaintiffs' mortgage is a closed-end agreement.

U.S.C. § 2605(e). No plausible allegations are made that plaintiffs submitted QWRs to any defendant other than SPS. (DE # 29 ¶ 36.) Accordingly, all of plaintiffs' RESPA claims can be dismissed, except their claim against SPS, which is addressed in more detail below.

In summary, the court dismisses all of plaintiffs' claims as to all defendants except plaintiffs' RESPA claim against SPS. Even if a particular defendant did not move to dismiss on the specific grounds employed by the court in this opinion, or did not file a motion to dismiss at all, the claims against those defendants are still dismissed. *Rosser v. Chrysler Corp.,* 864 F.2d 1299 (7th Cir. 1988); *Huang v. Shiu,* 124 F.R.D. 175, 178 (N.D. Ill. 1988) (district court may *sua sponte* dismiss action as to non-moving defendants who are in a position similar to that of moving defendants).[2]

---

[2] The clerk previously entered default against defendant U.S. Bank N.A. (DE # 88.) A clerk's entry of default is not a default judgment; it is simply the first step of a two-step process by which a plaintiff may obtain judgment by default. *See Conn. Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir. 1990). The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Further, this court may set aside a clerk's entry of default *sua sponte. Judson Atkinson Candies, Inc. v. Latini- Hohberger Dhimantec,* 529 F.3d 371, 386 (7th Cir. 2008). The court now does so because, as this opinion has explained, plaintiffs' complaint fails to state any cause of action against U.S. Bank N.A., so no default judgment against U.S. Bank N.A. could ever be granted. *Larance v. Bayh,* No. 3:94-CV-182RM, 1995 WL 46718, at *1 (N.D. Ind. Jan. 18, 1995), *aff'd sub nom. Abdul-Wadood v. Bayh,* 85 F.3d 631 (7th Cir. 1996) (entry of default set aside because complaint failed to state legal claim). With the entry of default set aside, the clerk may properly dismiss all claims against U.S. Bank N.A. in accordance with this opinion. *See Judson,* 529 F.3d at 386.

*Part 2: Remaining Claim*

One claim cannot be addressed in the context of the present motions to dismiss: plaintiffs' claim that SPS did not respond to plaintiffs' QWRs in violation of RESPA. (DE # 29 ¶ 37.) SPS claims that it *did* respond to plaintiffs' QWRs, and SPS has filed copies of those responses. (DE ## 32-4, 32-6.) The responses total more than 70 pages of information related to the history of plaintiffs' account, including ledgers. (*Id.*) Plaintiffs do not admit that SPS responded to plaintiffs' QWRs. Instead, they state that "SPS provided some historical reports, but did not properly credit their account." (DE # 61 at 2.) Thus, it is possible that SPS did in fact respond to plaintiffs' QWRs in compliance with RESPA, but plaintiffs did not agree with the content.

Regardless, the issue cannot be considered today. In deciding a motion to dismiss under Rule 12(b)(6), the court is limited to consideration of the pleadings themselves. If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). SPS's purported responses to plaintiff's QWRs are matters outside of the pleadings. Therefore, pursuant to Federal Rule of Civil Procedure 12(d), the court now converts SPS's motion to dismiss plaintiffs' RESPA claim into a motion for summary judgment. This converted motion for summary judgment is premised upon the arguments appearing in SPS's brief appearing at docket number 32, pages 7-8, and the exhibits

purporting to be SPS's responses to plaintiffs' QWRs appearing at docket numbers 32-4 and 32-6. (DE ## 32 at 7-8, 32-4, 32-6.)

When a Rule 12(b)(6) motion is converted into a Rule 56 motion, all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). Therefore, SPS may file a supplemental memorandum in support of this converted motion for summary judgment by **April 22, 2025**.[3] Whether or not SPS does so, plaintiffs' response to the converted motion for summary judgment must be filed by **May 20, 2025**. Failure to file a response will be deemed a waiver of any arguments plaintiffs could have made in defense of their case. *Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003) (failure to address claim in response to summary judgment motion is deemed abandoned). SPS may file a reply brief by **June 3, 2025**.

These deadlines supercede any other summary judgment briefing deadlines that may appear in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Indiana, and/or this district's Rule 56 "Notice to *Pro Se* Litigant." These deadlines will not be extended absent extraordinary circumstances. The court will consider the content of the parties' briefs only to the extent that it relates to plaintiffs'

---

[3] SPS is advised that, under this district's local rules, any party moving for summary judgment against an unrepresented party must separately file a "Notice to *Pro Se* Litigant," a copy of which appears as Appendix C to this district's Local Rules. N.D. Ind. L. R. 56-1(a)(4). Because the court, itself, converted SPS's motion to dismiss into a motion for summary judgment, the full text of this district's "Notice to *Pro Se* Litigant" will be appended to this order. However, out of an abundance of caution and for plaintiffs' benefit, the court orders SPS to file and serve this Notice upon plaintiffs, whether or not SPS chooses to file a supplemental memorandum.

9

claim that SPS did not respond to plaintiffs' QWRs as required by RESPA. Arguments related to any other subject will not be considered.

IV. **CONCLUSION**

For the foregoing reasons, and in summary, the court:

(1) **SETS ASIDE** the clerk's entry of default as to U.S. Bank N.A. (DE # 88);

(2) **GRANTS** defendants' motions to dismiss (DE ## 36, 49, 93);

(3) **GRANTS, in part,** Select Portfolio Servicing, Inc.'s motion to dismiss (DE # 33);

(4) **DIRECTS** the clerk to terminate all defendants in this case, except Select Portfolio Servicing, Inc.;

(5) **CONVERTS** the arguments made by Select Portfolio Servicing, Inc., regarding plaintiffs' RESPA claim (DE # 32 at 7-8) into a motion for summary judgment, which shall be briefed in accordance with the following schedule:

- Defendant's Supplemental Memorandum, if any, is due by **April 22, 2025**;
- Plaintiffs' Response, if any, is due by **May 20, 2025**;
- Defendant's Reply, if any, is due by **June 3, 2025**;

(6) **ORDERS** Select Portfolio Servicing, Inc., to file and serve a "Notice to *Pro Se* Plaintiff" (N.D. Ind. L. R. App. C) by **April 22, 2025**;

(7) **DIRECTS** the Clerk to mail hard copies of the following to plaintiffs:

- This order in its entirety, including the "Notice to *Pro Se* Plaintiff" appended thereto;

10

- A chronological list of all docket text, to date, as it appears in the CM-ECF filing system (commonly known as a "docket sheet"); and

- Select Portfolio Servicing, Inc.'s motion to dismiss and accompanying memorandum, including exhibits (DE ## 32, 33).

**SO ORDERED.**

Date: March 25, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

Appendix C

**Appendix C:   Notice to *Pro Se* Litigant**

(This form may be downloaded from the Northern District of Indiana's internet website at www.innd.uscourts.gov)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
_____DIVISION

_____,

Plaintiff

v.                                                            Case No.

_____,

Defendant

NOTICE OF SUMMARY-JUDGMENT MOTION

A summary-judgment motion has been filed against you. Attached is a copy of the motion. It asks the court to decide all or part of your case without a trial. It says that there should not be a full trial because you cannot win some or all of your claims. It asks the court to enter judgment against you. The party that filed the motion will win if the facts show that party is entitled to judgment. If you do not agree with the facts in the motion, you must submit affidavits or other evidence to dispute those facts.

Copies of Rule 56 and Local Rule 56-1 are also attached. You should carefully read—and follow—all the rules. The outcome of this case may depend on it. Following the rules does not guarantee that the summary-judgment motion will be denied. But if you do not follow the

Appendix C

rules, you may lose this case.

Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may—but is not required to—give you more time.

### Fed. Rule Civ. Proc. 56. Summary Judgment

(a)  **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b)  **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)** **Procedures.**

   (1)  **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   (2)  **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented

Appendix C

        in a form that would be admissible in evidence.

    (3)    **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    (4)    **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d)    **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)    defer considering the motion or deny it;

    (2)    allow time to obtain affidavits or declarations or to take discovery; or

    (3)    issue any other appropriate order.

(e)    **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1)    give an opportunity to properly support or address the fact;

    (2)    consider the fact undisputed for purposes of the motion;

    (3)    grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

    (4)    issue any other appropriate order.

(f)    **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    (1)    grant summary judgment for a nonmovant;

    (2)    grant the motion on grounds not raised by a party; or

Appendix C

    **(3)**    consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)**    **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h)**    **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

### N.D. Ind. L.R. 56-1

**(a)**    **Moving Party's Obligations**. A party moving for summary judgment must separately file:

    **(1)**    a motion;

    **(2)**    a supporting brief;

    **(3)**    a Statement of Material Facts with numbered paragraphs for each material fact the moving party contends is undisputed which includes:

        **(A)**    a short statement of each fact; and

        **(B)**    a citation to evidence supporting each fact; and

    **(4)**    the Notice in Appendix C, if an opposing party is unrepresented.

**(b)**    **Opposing Party's Obligations**. A party opposing the motion must, within twenty-eight days after the moving party served the motion, separately file:

    **(1)**    A response brief; and

    **(2)**    a Response to Statement of Material Facts which includes:

Appendix C

        **(A)**    a verbatim restatement of the Statement of Material Facts;

        **(B)**    a correspondingly numbered response immediately following each paragraph of the Statement of Material Facts;

        **(C)**    a citation to evidence supporting each dispute of fact; and

        **(D)**    additional facts in a section titled Additional Material Facts with numbered paragraphs continuing the sequential numbering of the Statement of Material Facts for each additional material fact the opposing party contends is undisputed which includes:

            **(i)**    a short statement of each fact; and

            **(ii)**    a citation to evidence supporting each fact.

    **(3)**    In cases where any party is unrepresented, the opposing party is not required to restate verbatim the Statement of Material Facts.

**(c)**    **Reply**. The moving party may, within fourteen days after a response is served, separately file:

    **(1)**    A reply brief; and

    **(2)**    A Reply to Statement of Additional Material Facts which includes:

        **(A)**    a verbatim restatement of the Statement of Additional Material Facts;

        **(B)**    a correspondingly numbered response immediately following each paragraph of the Statement of Additional Material Facts; and

        **(C)**    a citation to evidence supporting each dispute of additional fact.

    **(3)**    In cases where any party is unrepresented, the moving party is not required to restate verbatim the Statement of Additional Material Facts.

**(d)**    **Additional Briefs**. Additional briefs must not be filed without leave of court.

**(e)**    **Citations to the Record**. The court may find a fact is not supported if the citation does not include a page or paragraph number to evidence in the record which can be presented in an admissible form unless the court may take judicial notice of the fact.

Appendix C

**(f)** **Disputes About Evidence**. Disputes about the admissibility or materiality of evidence must be raised in the parties' briefs. A separate motion to strike must not be filed.

**(g)** **Oral Argument.** The court will decide summary-judgment motions without oral argument unless a request under L.R. 7-5 is granted or the court directs otherwise.

<u>Certificate of Service</u>

On _____, 20\_\_\_\_, I served a copy of this notice via

U.S. mail on_____, a *pro se* party at

_____.

_____
[Attorney]